**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| HAIDER ALI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0586-HE |
| | ) | |
| TODD LYONS, Acting Director, U.S. | ) | |
| Immigration and Customs Enforcement, | ) | |
| et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Petitioner Haider Ali seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).  He is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma.

According to his petition, petitioner is a citizen of Pakistan who entered the United States at the border near Lukeville, Arizona on or about March 29, 2022, and timely applied for asylum.  The record indicates that shortly thereafter, on April 21, 2022, petitioner was released from custody.

The petition indicates that petitioner was arrested and taken into custody on September 24, 2025.  The record indicates a warrant for arrest of alien was issued for

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of Homeland Security, and Todd Blanche, in his official capacity as acting Attorney General of the United States, are substituted as respondents for Kristi Noem and Pam Bondi, respectively.*

petitioner two days later on September 26, 2025. The Department of Homeland Security previously commenced removal proceedings by issuing a notice to appear dated October 7, 2025, charging petitioner as subject to removal under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), specifically, 8 U.S.C. § 1182(a)(6)(A)(i), as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

In his petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the INA and the Fifth Amendment due process clause. Petitioner requests, as part of his relief, release from custody, or alternatively, a bond hearing pursuant § 1226(a). As ordered by the court, the federal respondents filed a response to the petition, and petitioner filed a reply. The matter is at issue.

Respondents, in their briefing, acknowledge this court's ruling in Vasquez Pineda v. Mullin, No. CIV-26-0469-HE, Doc. #13, filed April 7, 2026, following its rulings in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), and Li v. Grant, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026), to conclude that § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention under similar circumstances to those present in this case. Nonetheless, respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decisions of the Eighth and Fifth Circuit

2

Courts of Appeals in <u>Avila v. Bondi</u>, 170 F.4th 1128, 1133-1138 (8th Cir. 2026) and

<u>Buenrostro-Mendez v. Bondi</u>, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the court to

deny petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior

rulings.  The conflicting decisions of the judges in this district and the 2-1 decisions in

<u>Avila</u> and <u>Buenrostro-Mendez</u> make clear that strong arguments support both statutory

readings of the parties.  However, the court remains persuaded that § 1226(a) governs and

continues to follow similar rulings by the judges in this district[2] and the Seventh Circuit

Court of Appeals in <u>Castanon-Nava v. U.S. Department of Homeland Security</u>, 161 F.4th

1048, 1060-62 (7th Cir. 2025).  The court also remains persuaded that § 1225(b)(2)(A) does

not apply despite the petitioner's filing of an asylum application.  *See* <u>Li</u>, 2026 WL 147438,

at *1.

Because § 1226(a) governs petitioner's detention, the court concludes that he is

entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus

petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant

to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing

is held within that time.

---

[2] *See* <u>*Lopez v. Corecivic Cimmaron Correctional Facility*</u>*, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* <u>*Valdez v. Holt*</u>*, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* <u>*Colin v. Holt*</u>*, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* <u>*Escarcega v. Olson*</u>*, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[3] *The court declines to decide the merits of petitioner's other grounds for relief in the habeas petition in light of its ruling that § 1226(a) governs petitioner's detention.*

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 20th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE